# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMARS OUTBOARDS, INC., | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| ROBERT SPENCE, | ) |
|     Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Almars Outboards, Inc. ("Almars" or "Plaintiff"), by and through its attorneys, Manion, Gaynor & Manning LLP, as and for a Complaint against Defendant Robert Spence ("Spence" or "Defendant"), alleges upon information and belief as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship among and between plaintiff and defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. This Court also has jurisdiction as this case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

## VENUE

3. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b)(3) and Fed .R. Civ. P. 4(k)(1)(A) and (B) in that the Defendant is subject to this Court's personal jurisdiction with respect to this action.

## THE PARTIES

4.     At all relevant times, Almars was and still is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in the State of Delaware.

5.     At all relevant times, upon information and belief, Defendant Spence was and is a resident of the Commonwealth of Pennsylvania, and was and is the owner of a 2006 Bentley 240 Cruise Vessel, assigned Hull Identification Number BNT21676H506 ("the Subject Vessel").

## BACKGROUND FACTS

6.     On or about May 25, 2016, Lisa Morgan and Edward Morgan ("the Morgans"), who are husband and wife residents of the Commonwealth of Pennsylvania, commenced an action by the filing of a Complaint in the United States District Court for the Eastern District of Pennsylvania, against Almars (hereinafter referred to as "the Morgan Complaint"). *See* Exhibit "A".

7.     On or about August 10, 2016, Almars filed an Answer to the Morgan Complaint. *See* Exhibit "B".

8.     On or about June 21, 2017, Judge Gerald Austin McHugh, United States District Judge for the Eastern District of Pennsylvania, issued an Order transferring the above-referenced Morgan Complaint against Almars from the Eastern District of Pennsylvania to the District of Delaware. *See* Exhibit "C".

9.     The Morgans allege in the Morgan Complaint that on July 5, 2014, at approximately 2:15 p.m., Lisa Morgan suffered personal injury while she was a guest on the Subject Vessel, which was owned by Spence at the time of the incident and was being operated by Spence in the territorial waters of the State of Maryland at the time of the incident.

10. On or about March 12, 2006, Almars sold the Subject Vessel to Spence from its corporate office in the State of Delaware and at all relevant times, Spence owned the Subject Vessel.

11. Spence traveled to Delaware to purchase the Subject Vessel and agreed to the terms of a contract as part of that purchase, which was signed in the State of Delaware.

12. The Subject Vessel was registered in Spence's name in the State of Delaware on or about March 13, 2006.

13. Prior to the incident that is the subject of this litigation, Spence received a manufacturer's recall notice from Bentley Industries, LLC regarding the Subject Vessel and despite receiving said notice, Spence took no corrective action.

14. The Subject Vessel was manufactured by Bentley Industries, LLC.

## **FIRST CAUSE OF ACTION**

15. Almars repeats and realleges each and every allegation set forth in paragraphs "1" through "14" of this Complaint as if set forth herein at length.

16. If the Morgans were caused to sustain damages as alleged in the Morgan Complaint through any fault other than their own, then such damages were sustained due to the sole fault and/or negligence and/or recklessness and/or gross recklessness of Spence. *See* Exhibit "A".

17. If the Morgans should recover judgment against Almars pursuant to the Morgan Complaint (*See* Exhibit "A"), then Spence shall be liable to Almars for the full amount of said judgment or for any part therefore on the basis of apportionment of responsibility of the alleged occurrence as found by the court and/or jury in said action. Further, if by reason of the alleged accident as set forth in the Morgan Complaint, Almars incurs costs and expenses including but

not limited to counsel fees, Almars is entitled to recover such costs, expenses and fees in full from Spence.

## SECOND CAUSE OF ACTION

18. Almars repeats and re-alleges each and every allegation set forth in paragraphs "1" through "17" of this Complaint as if set forth herein at length.

19. If the Morgans should recover judgment against Almars pursuant to the Morgan Complaint (*See* Exhibit "A"), then Spence shall be liable to Almars for the full amount of said judgment or for any part therefore on the basis of common-law indemnity, contractual indemnity, and/or contribution.  Further, if by reason of the accident as alleged in the Morgan Complaint, Almars incurs costs and expenses including counsel fees, Almars is entitled to recover such costs, expenses and fees in full from Spence.

## THIRD CAUSE OF ACTION

20. Almars repeats and re-alleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if set forth herein at length.

21. Pursuant to Spence's purchase of the Subject Vessel, Spence and Almars entered into a contract in the State of Delaware, whereby Spence agreed to the following terms, in pertinent part:

> Section 5. Changes By Manufacturer
>
> I [Spence] understand that the manufacturer may make any changes in the model, or the designs, or any accessories and parts from time to time, and at any time.  If the manufacturer does make changes, neither you [Almars] nor the manufacturer are obligated to make the same changes in the unit I am purchasing [the Subject Vessel] and covered by this order, either before or after it is delivered to me.

22. If the Morgans are able to establish that a product defect existed on the Subject Vessel at the time of the incident as alleged in their action against Almars (*See* Exhibit "A"), it is

by virtue of the fact that Spence negligently failed to maintain the Subject Vessel in a safe condition and failed to heed any recall and/or retrofit notices and/or warnings issued by the manufacturer of the Subject Vessel.

23.  By virtue of the foregoing, Almars is entitled to full indemnity and/or contribution from Spence.

**WHEREFORE,** Almars prays:

a.  That judgment be entered in favor of Almars on its Complaint in the manner set forth above, together with attorneys' fees and costs of this action;

b.  That such other and further relief be awarded to Almars as the Court deems just and proper.

**MANION GAYNOR & MANNING LLP**

*/s/ Irina N. Luzhatsky*
Amaryah K. Bocchino (DE BAR ID #4879)
Irina N. Luzhatsky (DE BAR ID #6052)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
(302) 657-2100
abocchino@mgmlaw.com
iluzhatsky@mgmlaw.com

**NICOLETTI, HORNIG & SWEENEY**
Guerric S.D.L. Russell
David Hornig
Steven P. Smith
*Pending Admission Pro Hac Vice*
Wall Street Plaza, 88 Pine Street
New York, NY 10005
(212) 220-3839

*Attorneys for Plaintiff Almars Outboards, Inc.*

February 6, 2018
*2119707*

5